**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3761
_____

DAVID B. CASSELL,
                              Appellant

v.

THE COMMONWEALTH OF PENNSYLVANIA; THE CITY OF PHILADELPHIA;
POLICE DEPARTMENT; 12TH DISTRICT; 5TH DISTRICT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-04534)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 24, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Cassell appeals pro se from the District Court's orders dismissing his second amended complaint and denying reconsideration. For the reasons that follow, we will affirm.

On August 18, 2016, Cassell sought to file a civil rights complaint *in forma pauperis*, alleging injuries incurred in incidents with police and seeking $900 million in damages. From the complaint, it was unclear when exactly the events giving rise to his claim occurred; he noted that he had problems between 2003 and 2015 and also that he was last injured in June 2014. The District Court granted Cassell *in forma pauperis* status and dismissed the complaint pursuant to 28 U.S.C. § 1915(e). Noting the relevant statute of limitations, the District Court permitted Cassell to amend his complaint to present claims that arose within the two years before the filing of his complaint.[1] Cassell filed an amended complaint that provided no greater clarity. The District Court dismissed it but again permitted amendment. Cassell filed a second amended complaint. Although he included additional information about the defendants and their conduct, he still did not provide sufficient clarity about when the challenged events took place. The District Court dismissed the second amended complaint but granted leave to file a third amended complaint. It explained that Cassell needed to specify the date on which the events giving rise to his claims occurred. In response, Cassell submitted a letter to the court explaining that the incident occurred on July 15, 2003, and that he did not have any

---

[1] The District Court also provided guidance about how to correct other possible deficiencies in his complaint.

2

additional materials to present. The District Court then dismissed the action. Cassell filed a motion for reconsideration, which the District Court denied. Cassell now appeals.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] We exercise plenary review over the District Court's dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we review for abuse of discretion its order denying Cassell's motion for reconsideration, see Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015).

The District Court properly concluded that Cassell's claims are time-barred. The Court could dismiss the claims *sua sponte* because it was obvious from the face of the second amended complaint (as clarified by Cassell's statements in his letter) that the claims were filed outside the relevant statute of limitations. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). The statute of limitations for Cassell's action is governed by the two-year personal injury statute of limitations for Pennsylvania, the state in which the cause of action accrued. O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006); Lake v. Arnold, 232 F.3d 360, 368-69 (3d Cir. 2000); 42 Pa. Cons. Stat.

---

[2] Cassell also filed a motion to compel Appellees, who are not participating in the appeal, to respond to his informal brief. Thereafter, he filed a document seeking to "reopen his case," requesting oral argument, and asking for an order requiring the U.S. Marshals Service to serve Appellees.

[3] In his brief, Cassell mentions an order from another case entered in 2007. To the extent he appeals from this order, we do not have jurisdiction over it, see Fed. R. App. P. 4; Bowles v. Russell, 551 U.S. 205, 208-14 (2007) (explaining that the time limit for appeals is mandatory and jurisdictional), and we do not review it.

3

Ann. § 5524.  Ultimately, Cassell revealed that he incurred his injuries outside the limitations period.  Accordingly, his claims are barred by the statute of limitations.

We also discern no abuse of discretion in the District Court's order denying Cassell's motion for reconsideration because Cassell did not present any valid basis for reconsideration.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence") (citation omitted).

Finally, to the extent that Cassell alleges in his brief that the District Judge dismissed his complaint because he was racist, we find no support for this contention in the record.  To the contrary, it appears that the District Judge conducted the case professionally and that his rulings were based on well-established law.

Accordingly, we will affirm the judgment of the District Court and deny all of Cassell's pending requests.